Filed 7/8/22  P. v. Rodriguez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDRES CIGARRERO RODRIGUEZ,<br><br>    Defendant and Appellant. | H049251<br>(Santa Clara County<br> Super. Ct. No. B1369383) |

In April 2015, defendant Andres Cigarrero Rodriguez pleaded no contest to second degree robbery, dissuading a witness by use of force or threat of force, reckless driving while evading a pursuing peace officer, and participating in a criminal street gang.  The trial court committed Rodriguez to state prison for an aggregate term of 17 years eight months.  In 2021, the trial court received a letter from the Office of the Secretary of the California Department of Corrections and Rehabilitation (the Secretary), recommending that Rodriguez's sentence be recalled and that he be resentenced under former Penal Code section 1170,[1] subdivision (d).  The trial court declined to recall Rodriguez's sentence.

Rodriguez now appeals, arguing that the trial court erred by declining to recall his sentence.  Rodriguez contends that under recently enacted Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (Assembly Bill 1540), the case should be remanded for the trial court to consider the request for recall under the

---

[1] Unspecified statutory references are to the Penal Code.

parameters set by the new law. Rodriguez also contends that under recently enacted Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 92) (Assembly Bill 1869), the criminal justice administration fee is no longer collectable and any portion of that fee that remains unpaid should be vacated. With respect to both issues, the Attorney General concedes that reversal is required.

We agree with the parties. We vacate the order declining to recall the sentence and remand for a new hearing consistent with Assembly Bill 1540. In addition, we direct the trial court to vacate the unpaid portion of the criminal justice administration fee in the judgment.

## I. Background

According to the probation report, the victim was working at a convenience store when Rodriguez and another man came in, pointed a gun at the victim, and demanded all of the money. The victim complied. Rodriguez and the other man attempted to bind the victim's hands and told him not to move or call the police, or they would come back and kill him and his family. Rodriguez and the other man fled by car, and were later seen running a stop sign. An officer attempted to stop the car, but the two refused to stop. A vehicle pursuit ensued. Officers observed objects, including a firearm, cash, and ammunition, being thrown out of the car. The pursuit took approximately 56 miles and reached speeds in excess of 100 miles per hour until the suspect vehicle crashed. Rodriguez initially declined to speak about the offense, but later admitted that he was a Sureño gang member and that he and the other man planned the robbery.

Pursuant to a negotiated plea agreement, Rodriguez pleaded no contest to second degree robbery (count 1—§ 211), dissuading a witness by use of force or threat of force (count 2—§ 136.1, subd. (c)(1)), reckless driving while evading a pursuing peace officer (count 4—Veh. Code, § 2800.2, subd. (a)), and participating in a criminal street gang (count 5—§ 186.22, subd. (a)). Rodriguez admitted gang allegations (§§ 186.22, subd. (b)(1)(C), (1)(A), (4)) as to counts 1, 2, and 4. As to the robbery count, he admitted

a personal use of a firearm allegation (§ 12022.53, subd. (b)). The plea was entered into on condition that Rodriguez would be sentenced to serve 18 years four months in prison.

In June 2015, the trial court sentenced Rodriguez as follows. For count 1, three years plus a consecutive term of 10 years for the firearm enhancement. For count 2, a consecutive term of three years. For count 4, a consecutive term of eight months plus a consecutive one year term for the gang enhancement. Pursuant to section 186.22, subdivision (g), the gang enhancements for count 1 and 2 were struck. Rodriguez's total term of commitment was 17 years eight months.[2] Rodriguez was assessed a criminal justice administration fee of $129.75.

In 2021, the trial court received a letter from the Secretary, recommending that Rodriguez's sentence be recalled and that he be resentenced under former section 1170, subdivision (d), with consideration to the amendment to section 12022.53, subdivision (h), which allows the trial court discretion to strike a firearm enhancement pursuant to section 1385.

The trial court denied the recall request. The court stated it had "considered the circumstances of the crimes" and "the impact and the threat to the victim" made while he was "held at gunpoint." The court also stated it had "considered" Rodriguez's initial exposure before the plea agreement, his juvenile record, the fact that he was 18 at the time of the offense, and his conduct and record while in prison. The court concluded: "By considering all of that and balancing all of those factors and materials, including Mr. Rodriguez's age at the time of the crime and his conduct since sentencing, considering that, balancing that against the facts of the crimes and the terms of the plea and sentence, I am deciding not to exercise my discretion under the [Secretary's] request to recall the sentence and resentence Mr. Rodriguez based upon" the change in the law.

---

[2] During the sentencing hearing, the trial court, with the prosecution's agreement, reduced the negotiated sentence by eight months based on section 654.

## II. Discussion

### A. Assembly Bill 1540

The parties agree that reversal and remand is warranted under newly enacted Assembly Bill 1540.

While Rodriguez's appeal was pending, the Legislature enacted and the Governor signed Assembly Bill 1540, which moved the recall and resentencing provision to section 1170.03 and materially revised its terms. Section 1170.03 took effect on January 1, 2022. As pertinent here, with respect to the Secretary's recommendation to reduce a sentence that was the product of a negotiated plea agreement, section 1170.03 provides that "[t]he resentencing court may, in the interest of justice and regardless of whether the original sentence was imposed after a trial or plea agreement, do the following: [¶] (A) Reduce a defendant's term of imprisonment by modifying the sentence." (§ 1170.03, subd. (a)(3)(A).) The new statute also indicates that where the recall and resentencing recommendation is made by the Secretary, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of [s]ection 1170.18."[3] (§ 1170.03, subd. (b)(2).) The new section further requires a court to "apply any changes in law that reduce sentences or provide for judicial discretion" when resentencing under the recall statute. (*Id.*, subd. (a)(2).) The Attorney General's concession recognizes that, whether or not the new legislation applies retroactively, the new version of the recall statute "substantially altered the framework for recall and resentencing," and therefore equitable considerations and judicial economy counsel in favor of applying the new statute to the recall request.

---

[3] Section 1170.18, subdivision (c), states that an " 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of [s]ection 667."

We agree. Accordingly, we reverse the trial court's order declining to recall Rodriguez's sentence and remand for reconsideration under current law (§ 1170.03).

**B. Assembly Bill 1869**

Rodriguez argues that any unpaid portion of the criminal justice administration fee must be vacated. The Attorney General agrees that any unpaid portion should be stricken.

Effective July 1, 2021, Assembly Bill 1869 "eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and . . . eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees." (Stats. 2020, ch. 92, § 2.)

Specifically, Assembly Bill 1869 abrogated the authority to impose and collect 23 different administrative fees, including, as relevant here, the criminal justice administration fee. It did so by adding section 6111 to the Government Code. (Stats. 2020, ch. 92, § 11.) Government Code section 6111 provides, "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to [Government Code] [s]ection 27712, subdivision (c) or (f) of [Government Code] [s]ection 29550, and [Government Code] [s]ections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."

Under the plain language of the statute, the unpaid balance of the criminal justice administration fee "is unenforceable and uncollectable" and any portion of the judgment imposing that fee must be vacated. (Gov. Code, § 6111; see *People v. Greeley* (2021) 70 Cal.App.5th 609, 627.) Accordingly, we direct the trial court to modify the judgment as mandated by the new law.

### III. Disposition

The trial court's order declining to recall Rodriguez's sentence is reversed, and the matter is remanded for the trial court to reconsider the recommendation of the Secretary

5

of the California Department of Corrections and Rehabilitation under current law (Pen. Code, § 1170.03). The trial court is also directed to amend the judgment to vacate the portion of the criminal justice administration fee that remained unpaid as of July 1, 2021.

_____
                                            Wilson, J.

WE CONCUR:


_____
         Greenwood, P.J.


_____
         Bamattre-Manoukian, J.


People v. Rodriguez
H049251